UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STATE OF ILLINOIS, *et al.*,

           *Plaintiffs*,

v.

KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, *et al.*,

           *Defendants*.

No. 1:25-cv-00495

**MODIFIED TEMPORARY RESTRAINING ORDER**

Upon consideration of Defendants' motion for reconsideration of the Temporary Restraining Order entered by the Court on September 30, 2025 (ECF No. 27), and Plaintiffs' opposition thereto (ECF No. 28), the Court again concludes that the Plaintiffs have established a strong likelihood of success on the merits, irreparable harm, and that the balance of equities and public interest favor the Plaintiffs. The Court finds that, in light of the parties' overlapping view that the Order could be narrowed to "contested" funds, the Court's order should be modified to maintain the status quo as to only those funds. The Court finds that the "contested" funds are funds that were re-allocated between the final August 1, 2025, Homeland Security Grant Program notice of funding opportunity ("NOFO") and the final Homeland Security Grant Program award notifications, which total $245,565,440. It is ORDERED that:

    1.    Plaintiffs' Motion for a Temporary Restraining Order is granted; and

    2.    Defendants are directed to de-obligate $245,565,440 of fiscal year 2025 Homeland Security Grant Program funds by amending the award notifications issued to those jurisdictions that experienced funding gains between the NOFO and award; and

3. Defendants are enjoined from disbursing, processing, returning to the U.S. Treasury, re-programming, re-allocating, or otherwise making unavailable by any means the de-obligated $245,565,440 of fiscal year 2025 Homeland Security Grant Program funds; and

4. The statutory lapse of the funds appropriated by Congress for the fiscal year 2025 Homeland Security Grant Program is immediately suspended pending further order of the Court, pursuant to the Court's equitable authority, 31 U.S.C. § 1502(b), and any other applicable provision of law; and

5. Defendants shall immediately provide notice of this Order to all appropriate officials at Defendants, including but not limited to all employees involved in administering the Homeland Security Grant Program and Emergency Management Performance Grant programs and all persons acting in concert with such employees; and

6. Defendants shall immediately record as an obligation of the United States the de-obligated $245,565,440 of fiscal year 2025 Homeland Security Grant Program funds pursuant to 31 U.S.C. § 1501(a)(6) and/or (a)(9); and

7. Defendants shall file confirmation of their compliance with paragraphs 2, 5, and 6 of this Order within 72 hours of this Order; and

8. The TRO is extended for an additional three days after entry of this order pursuant to the consent of the adverse party, *see* ECF 27 at 3, Fed. R. Civ. P. 65(b)(2); and

9. This Order is immediately effective.

IT IS SO ORDERED.

/s/ Mary S. McElroy
_____
Mary S. McElroy
United States District Judge

Dated: October 21, 2025