# EXHIBIT 11

PRE-DECISIONAL/DELIBERATIVE



Federal Emergency Management Agency
Washington, DC 20472

September 25, 2025

MEMORANDUM FOR THE SECRETARY

FROM: David E. Richardson
Senior Official Performing the Duties of Administrator

SUBJECT: **Grant Approval: Fiscal Year 2025 Homeland Security Grant Program Final Allocations**

---

**Purpose**: The purpose of this memorandum is to request approval to award funds through the Fiscal Year 2025 Homeland Security Grant Program, which supports efforts to prevent, prepare for, protect against, and respond to terrorism and other major threats. The program includes the State Homeland Security Program, Urban Area Security Initiative, and Operation Stonegarden.

- **Program Name:** Fiscal Year 2025 Homeland Security Grant Program (DHS-25-GPD-067-00-98)
    - **Description of Services/Products:** Awards are designed to assist state, local, tribal and territorial efforts in preventing, protecting against, mitigating, responding to and recovering from acts of terrorism and other threats.
    - **Total Grant Allocation Value:** $1,008,000,000

This grant funding aligns to the Agency's Resilience and Preparedness Mission Essential Task and Grants Office Essential Task of delivering and supporting grant programs that help the nation before, during, and after disasters in order to make the country more resilient.

This program is impacted by the sanctuary jurisdiction terms and conditions noted in Attachments 6, 7, and 8. Under those terms and conditions, any State Homeland Security Program and Urban Area Security Initiative recipients designated as a Sanctuary Jurisdiction by the Department of Justice[1] will not receive any allocations posted in the Notice of Funding Opportunity except the State Homeland Security Program minimum ($4,362,750 for States, $997,200 for Territories). If the recipient or subrecipient under those two programs is a plaintiff in *San Francisco v. Trump*[2] or *State of Illinois v. FEMA*[3], no funds (under any program) will be restricted or on hold due to these terms and conditions so long as the injunctions remain in place.

---

[1] https://www.dhs.gov/news/2025/05/29/dhs-exposes-sanctuary-jurisdictions-defying-federal-immigration-law, https://www.justice.gov/ag/us-sanctuary-jurisdiction-list-following-executive-order-14287-protecting-american-communities
[2] No. 3:25-cv-01350 (N.D. Cal.)
[3] No. 25-206 (D. R.I.)

PRE-DECISIONAL/DELIBERATIVE

**Secretary Approval to Award Grants**
Page 2

Operation Stonegarden recipients will receive the allocation posted in the Notice of Funding Opportunity, and subawards may be issued to local jurisdictions, regardless if they are designated as a Sanctuary Jurisdiction.

**Signature Level Justification**: On July 29, 2025, the Secretary approved the Notice of Funding Opportunity for this grant program (which contained target allocations) and approval of these final allocations is now respectfully requested. For the State Homeland Security Program and the Urban Area Security Initiative, these final allocations are different from the target allocations to reflect an updated risk methodology, which is discussed in Attachment 2. (Also note: Guam's State Homeland Security Program allocation was increased to address unreimbursed eligible funds from Fiscal Year 2019. Guam's total Fiscal Year 2025 allocation is $930,149.69, which includes $112,949.69 owed from 2019 and its $997,200 base allocation.) For Operation Stonegarden, these final allocations are identical to the target allocations.

**Timeliness**: Approval of these grant awards is respectfully requested by September 25, 2025, to ensure the program's fiscal year funding is obligated prior to the September 30, 2025, deadline.

**Attachments:**
1. Recommendation
2. Discussion of Revised Risk Methodology for the State Homeland Security Program and Urban Area Security Initiative
3. Grant Award Recipients for the State Homeland Security Program
4. Grant Award Recipients for the Urban Area Security Initiative
5. Grant Award Recipients for Operation Stonegarden
6. Sanctuary Jurisdiction Terms and Conditions for the State Homeland Security Program
7. Sanctuary Jurisdiction Terms and Conditions for the Urban Area Security Initiative
8. Sanctuary Jurisdiction Terms and Conditions for Operation Stonegarden

PRE-DECISIONAL/DELIBERATIVE

**Attachment 1: Recommendation: Approve FEMA Resilience – Grant Programs Directorate – Fiscal Year 2025 Homeland Security Grant Program, 97.067, DHS-25-GPD-067-00-98**

| Component | Grant Award |
|---|---|
| Federal Emergency Management Agency | **Recipient Name:** 56 states and territories.<br><br>**City, State:** Nationwide. See attached list of 56 entities.<br><br>**Description of Services or Supplies:** These grant awards improve the capacity of state, local, and tribal governments to build new security capabilities and sustain existing security measures and programs. These capabilities include physical/cybersecurity and facility/target hardening, protecting critical infrastructure nationwide, ultimately safeguarding the lives and property of the American People.<br><br>**Type of Award Action:** New Grant Award Obligations<br><br>**Total Award Amount:** $1,008,000,000 distributed across 56 awards<br><br>**Total Grant Obligation:** $1,008,000,000 distributed across 56 awards<br><br>**Total Potential Awardees:** 56 states and territories<br><br>**Period of Performance:** 09/01/2025 – 08/31/2026 (12 months)<br><br>**Competitive/Sole Source:** Sole source to States. States manage the collection of investment information from subapplicants. The Department of Homeland Security conducts reviews and approvals of proposed investments before funding is released.<br><br>**Mission Impact:** These awards support eligible state, local, territorial, and tribal governments at risk of terrorist attacks with funding to enhance security through planning, training, exercises, equipment acquisition, and organization.<br><br>**Statutory and Legal Analysis:** The Homeland Security Grant Program is authorized under Section 2002 of the *Homeland Security Act of 2002*, Pub. L. No. 107-296, (6 U.S.C. § 603). *The Full-Year Continuing Appropriations and Extensions Act, 2025*, Pub. L. No. 119-4, § 1101 appropriated $1,008,000,000 to the program. |

Approve date_____
Disapprove/date_____

PRE-DECISIONAL/DELIBERATIVE

**Secretary Approval to Award Grants**
Page 4

**Attachment 2: Discussion of Revised Risk Methodology for the State Homeland Security Program and Urban Area Security Initiative**

Over time, the methodology used to allocate funding under the Homeland Security Grant Program has evolved to reflect changes in risk assessment practices, national priorities, and statutory requirements.

In making final allocations among states and high-risk urban areas, the Administrator must consider for each state and high-risk urban area:

(1) Its relative threat, vulnerability, and consequence, i.e., <u>risk</u>, from acts of terrorism based on the factors at 6 U.S.C. § 608(a)(1) and other factors specified in writing by the Administrator.
(2) The anticipated <u>effectiveness</u> of the proposed use of the grant to prepare for acts of terrorism, to meet its target – or core – capabilities, and to otherwise reduce the overall risk to the high-risk urban area or the Nation.

**Note about plaintiffs in *San Franscisco v. Trump*:** The U.S. District Court in the Northern District of California issued a preliminary injunction in *City and County of San Francisco, et al. v. Trump, et al.*, No. 3:25-cv-01350 (N.D. Cal.) that prohibits FEMA from directly or indirectly taking any action to withhold, freeze, or condition federal funds from several plaintiff Cities and Counties[4] on the basis that the Cities and Counties have policies that limit (i) the honoring of civil immigration detainer requests; (ii) cooperation with administrative warrants for purposes of immigration enforcement; (iii) sharing of information with federal immigration authorities other than immigration or citizenship status; (iv) the use of local law enforcement to arrest or detain individuals solely for civil immigration violations; or (v) the use of local resources to assist with civil immigration enforcement activities. The Court later issued an order finding that the preliminary injunction applies to the Immigration Condition set forth in the DHS Standard Terms and Conditions unless there is a meaningful nexus between the individual grant and the Immigration Conditions sought to be imposed.

---

[4] The plaintiffs are: County of Alameda, California; City of Albany, New York; City of Albuquerque, New Mexico; County of Allegheny, Pennsylvania; City of Baltimore, Maryland; City of Bend, Oregon; City of Benicia, California; City of Berkeley, California; City of Boston, Massachusetts; City of Cambridge, Massachusetts; City of Cathedral City, California; City of Chicago, Illinois; City of Columbus, Ohio; City of Culver City, California; County of Dane, Wisconsin; City and County of Denver, Colorado; City of Healdsburg, California; County of Hennepin, Minnesota; City of Los Angeles, California; County of Marin, California; City of Menlo Park, California; Multnomah County, Oregon; City of Pacifica, California; City of Palo Alto, California; City of Petaluma, California; Pierce County, Washington; City of Richmond, California; City of Rochester, New York; City of Rohnert Park, California; County of San Mateo, California; City of Santa Rosa, California; County of Sonoma, California; City of Watsonville, California; City of Wilsonville, Oregon; City and County of San Francisco, California; County of Santa Clara, California; City of Portland, Oregon; Martin Luther King, Jr. County, Washington; City of New Haven, Connecticut; City of Oakland, California; City of Emeryville, California; City of San José, California; City of San Diego, California; City of Sacramento, California; City of Santa Cruz, California; County of Monterey, California; City of Seattle, Washington; City of Minneapolis, Minnesota; City of St. Paul, Minnesota; City of Santa Fe, New Mexico.

PRE-DECISIONAL/DELIBERATIVE

**Note about plaintiffs in *State of Illinois v. FEMA*:** The U.S. District Court for the District of Rhode Island issued a permanent injunction in *State of Illinois, et. al. v. FEMA, et al.,* (No. 25-206 on September 24, 2025.[5]

**Recommended Course of Action 70% Revised Risk Formula and 30% Effectiveness-Based**

The risk formula for the State Homeland Security Program (SHSP) and UASI includes three components: threat, vulnerability, and consequence with each component being comprised of multiple factors. The recommended course of action below revises the risk formula for FY 2025 funding. It also allocates 70% of the funding toward the risk-based approach, and the remaining 30% as effectiveness-based.

Recommended changes to the risk formula include a significant increase in the weighting for Transnational Organized Crime, (TOC) as well as Nationwide Encounters. TOC presents a significant and growing threat to national security, public health, and economic stability in the U.S. Nationwide Encounters was prioritized to capture the vulnerabilities associated with illegal border crossings. Further adjustments included the Population Density element being decreased to reflect the broader distribution of risk across all jurisdictions.

For UASI, the revised risk formula results in several new urban areas being eligible for funding. However, only UASIs that already applied for the grant are eligible for funding, so the 44 UASIs in the initial NOFO are shown in the table.



---

[5] The plaintiffs are the District of Columbia and the following States: Illinois, California, New Jersey, Rhode Island, Colorado, Connecticut, Delaware, Hawaiʻi, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Mexico, New York, Oregon, Vermont, Washington, and Wisconsin.

PRE-DECISIONAL/DELIBERATIVE

DHS/FEMA_01651

PRE-DECISIONAL/DELIBERATIVE

**Secretary Approval to Award Grants**
Page 6

**Attachment 3: Grant Award Recipients for the State Homeland Security Program**

| State/Territory | Allocation |
|---|---|
| California | $17,156,754 |
| Texas | $16,759,327 |
| Florida | $8,395,245 |
| New York | $5,624,924 |
| Virginia | $4,362,750 |
| Pennsylvania | $4,362,750 |
| Arizona | $4,362,750 |
| North Carolina | $4,362,750 |
| Ohio | $4,362,750 |
| Tennessee | $4,362,750 |
| Washington | $4,362,750 |
| Kentucky | $4,362,750 |
| Illinois | $4,362,750 |
| Georgia | $4,362,750 |
| West Virginia | $4,362,750 |
| Michigan | $4,362,750 |
| Louisiana | $4,362,750 |
| New Mexico | $4,362,750 |
| South Carolina | $4,362,750 |
| Oregon | $4,362,750 |
| Alabama | $4,362,750 |
| Colorado | $4,362,750 |
| Missouri | $4,362,750 |
| Indiana | $4,362,750 |
| Oklahoma | $4,362,750 |
| Kansas | $4,362,750 |
| South Dakota | $4,362,750 |
| Nebraska | $4,362,750 |
| New Jersey | $4,362,750 |
| Hawaii | $4,362,750 |
| Maryland | $4,362,750 |
| Massachusetts | $4,362,750 |
| Alaska | $4,362,750 |
| Minnesota | $4,362,750 |
| Nevada | $4,362,750 |
| District of Columbia | $4,362,750 |
| U.S. Virgin Islands | $997,200 |

PRE-DECISIONAL/DELIBERATIVE

PRE-DECISIONAL/DELIBERATIVE

| | |
|---|---:|
| Puerto Rico | $4,362,750 |
| Maine | $4,362,750 |
| Wisconsin | $4,362,750 |
| Northern Mariana Islands | $997,200 |
| Guam | $1,110,150 |
| Delaware | $4,362,750 |
| New Hampshire | $4,362,750 |
| American Samoa | $997,200 |
| Mississippi | $4,362,750 |
| Idaho | $4,362,750 |
| Vermont | $4,362,750 |
| Montana | $4,362,750 |
| North Dakota | $4,362,750 |
| Iowa | $4,362,750 |
| Rhode Island | $4,362,750 |
| Arkansas | $4,362,750 |
| Utah | $4,362,750 |
| Connecticut | $4,362,750 |
| Wyoming | $4,362,750 |
| **Total** | **$261,450,000** |

PRE-DECISIONAL/DELIBERATIVE

**Secretary Approval to Award Grants**
Page 8

**Attachment 4: Grant Award Recipients for the Urban Area Security Initiative**

| UASI | Total Allocation |
|---|---|
| San Diego-Chula Vista-Carlsbad, CA | $32,539,049 |
| Miami-Fort Lauderdale-Pompano Beach, FL | $27,952,695 |
| Dallas-Fort Worth-Arlington, TX | $25,028,168 |
| Houston-The Woodlands-Sugar Land, TX | $23,218,292 |
| New York-White Plains, NY | $22,069,395 |
| Phoenix-Mesa-Chandler, AZ | $21,938,710 |
| Los Angeles-Long Beach-Glendale, CA | $18,225,738 |
| San Antonio-New Braunfels, TX | $16,801,644 |
| Honolulu, HI | $16,694,331 |
| Tampa-St. Petersburg-Clearwater, FL | $16,559,720 |
| Orlando-Kissimmee-Sanford, FL | $14,441,343 |
| Charlotte-Concord-Gastonia, NC-SC | $14,200,846 |
| Detroit-Warren-Dearborn, MI | $14,114,393 |
| Milwaukee-Waukesha, WI | $13,353,970 |
| San Francisco-San Jose-Oakland, CA | $13,209,319 |
| Jacksonville, FL | $12,895,846 |
| Cleveland-Elyria, OH | $12,657,878 |
| Pittsburgh, PA | $12,305,323 |
| Nashville-Davidson--Murfreesboro--Franklin, TN | $12,131,222 |
| Austin-Round Rock-Georgetown, TX | $11,980,549 |
| Richmond, VA | $11,804,103 |
| Seattle-Tacoma-Bellevue, WA | $11,782,120 |
| Virginia Beach-Norfolk-Newport News, VA-NC | $11,681,381 |
| Colorado Springs, CO | $11,593,673 |
| Las Vegas-Henderson-Paradise, NV | $10,954,761 |
| Anaheim-Santa Ana-Irvine, CA | $10,779,442 |
| St. Louis, MO-IL | $10,708,725 |
| Cincinnati, OH-KY-IN | $10,143,274 |
| Indianapolis-Carmel-Anderson, IN | $10,111,002 |
| Columbus, OH | $10,092,726 |
| Riverside-San Bernardino-Ontario, CA | $9,871,108 |
| Chicago-Naperville-Elgin, IL-IN-WI | $9,395,829 |
| Atlanta-Sandy Springs-Alpharetta, GA | $9,372,418 |
| Baltimore-Columbia-Towson, MD | $9,328,784 |
| Boston-Cambridge-Newton, MA-NH | $9,301,839 |
| Sacramento-Roseville-Folsom, CA | $8,849,145 |

PRE-DECISIONAL/DELIBERATIVE

PRE-DECISIONAL/DELIBERATIVE

| UASI | Total Allocation |
|---|---|
| Portland-Vancouver-Hillsboro, OR-WA | $8,841,357 |
| Kansas City, MO-KS | $8,277,511 |
| Denver-Aurora-Lakewood, CO | $7,133,196 |
| Washington-Arlington-Alexandria, DC-VA-MD-WV | $4,416,737 |
| Newark-Jersey City-New Brunswick, NJ-PA | $3,768,628 |
| Minneapolis-St. Paul-Bloomington, MN-WI | $2,973,810 |
| Philadelphia-Camden-Wilmington, PA-NJ-DE-MD | $0 |
| New Orleans-Metairie, LA | $0 |
| **Total** | **$553,500,000** |

**Secretary Approval to Award Grants**
Page 10

**Attachment 5: Grant Award Recipients for Operation Stonegarden**

| Operation Stonegarden | |
|---|---|
| **State** | **Fiscal Year 2025 Allocation** |
| Alabama | $350,000 |
| Alaska | $750,000 |
| Arizona | $12,220,000 |
| California | $12,100,000 |
| Florida | $2,790,000 |
| Georgia | $90,000 |
| Idaho | $180,000 |
| Louisiana | $810,000 |
| Maine | $1,410,000 |
| Michigan | $2,286,000 |
| Minnesota | $972,000 |
| Mississippi | $575,000 |
| Montana | $1,672,000 |
| New Hampshire | $200,000 |
| New Mexico | $2,675,000 |
| New York | $2,670,000 |
| North Dakota | $1,542,000 |
| Ohio | $825,000 |
| Pennsylvania | $170,000 |
| Puerto Rico | $1,330,000 |
| Texas | $33,708,000 |
| U.S. Virgin Islands | $90,000 |
| Vermont | $150,000 |
| Washington | $1,435,000 |
| **Total** | **$81,000,000** |

PRE-DECISIONAL/DELIBERATIVE

**Attachment 5: Sanctuary Jurisdictions Terms and Conditions for the State Homeland Security Program**

**State Homeland Security Program: Compliance with Federal Immigration Law**

The following term applies to State Homeland Security Program funding under this award:

1. <u>Prohibition</u>

    a.  The state, territorial, or local recipient is prohibited from being designated by the Department of Homeland Security or the Department of Justice as a sanctuary jurisdiction. If the Department of Homeland Security or Department of Justice designates a state or territory as a sanctuary jurisdiction after the Department of Homeland Security makes a grant award, the state or territorial recipient is prohibited from making any financial obligations under the grant award on or after the date of designation until the Department of Homeland Security removes that designation. The Department of Homeland Security will suspend that portion of the grant award supported by risk-based funding and not make payments to the state or territorial recipient on or after the date of designation until the Department of Homeland Security or Department of Justice removes that designation. This term and condition applies to the funding provided under the relative risk methodology pursuant to Section 2007 of the Homeland Security Act of 2002 (6 U.S.C. § 608) and does not apply to the minimum allocation to that state or territory required by Section 2004(e) of the Homeland Security Act of 2002 (6 U.S.C. § 605(e)).

    b.  The state, territorial, or local recipient is prohibited from making subawards to a state, territorial, or local government that the Department of Homeland Security or Department of Justice has designated as a sanctuary jurisdiction. If the Department of Homeland Security or Department of Justice designates a state, territorial, or local government as a sanctuary jurisdiction after the state, territorial, or local government recipient makes a subaward to that state, territorial, or local government, the state, territorial, or local recipient must suspend the subaward, the state, territorial, or local recipient must not make any additional payments to the state, territorial, or local government, and the state, territorial, or local government is prohibited from making any financial obligations under the subaward on and after the date of designation until the Department of Homeland Security or Department of Justice removes that designation. This term and condition applies to all funding provided to the state or territorial recipient, including both the statutory minimum as well as risk-based funding allocations.

    c.  The Department of Homeland Security designates a state, territory, or local government as a sanctuary jurisdiction if it fails to comply with that requirements set forth in paragraphs 2.a.i to v of this term and condition.

2. <u>Certification</u>

    a.  The state, territorial or local recipient and subrecipients must certify under penalty of

**Secretary Approval to Award Grants**
Page 12

    perjury pursuant to 28 U.S.C. § 1746, and using a form that is acceptable to the Department of Homeland Security, that they will comply with the following requirements related to coordination and cooperation with the Department of Homeland Security and immigration officials:

    i. They will comply with the requirements of 8 U.S.C. §§ 1373 and 1644. These statutes prohibit restrictions on information sharing by state and local government entities with the Department of Homeland Security regarding the citizenship or immigration status, lawful or unlawful, of any individual. Additionally, 8 U.S.C. § 1373 prohibits any person or agency from prohibiting, or in any way restricting, a Federal, state, or local government entity from doing any of the following with respect to information regarding the immigration status of any individual: (1) sending such information to, or requesting or receiving such information from, Federal immigration officials; (2) maintaining such information; or (3) exchanging such information with any other Federal, state, or local government entity.

    ii. They will comply with other relevant laws related to immigration, including prohibitions on encouraging or inducing an alien to come to, enter, or reside in the United States in violation of law, 8 U.S.C. § 1324(a)(1)(A)(iv), prohibitions on transporting or moving illegal aliens, 8 U.S.C. § 1324(a)(1)(A)(ii), prohibitions on harboring, concealing, or shielding from detection illegal aliens, 8 U.S.C. § 1324(a)(1)(A)(iii), and any applicable conspiracy, aiding or abetting, or attempt liability regarding these statutes.

    iii. They will honor requests for cooperation, such as participating in joint operations, sharing of information, or requests for short term detention of an alien pursuant to a valid detainer. A jurisdiction does not fail to comply with this requirement merely because it lacks the necessary resources to assist in a particular instance.

    iv. They will provide access to detainees, such as when an immigration officer seeks to interview a person who might be a removable alien.

    v. They will not leak or otherwise publicize the existence of an immigration enforcement operation.

  b. The state or territorial recipient must require a state, territorial, or local government subrecipient to make the certification above before providing them with any funding under the subaward.

3. <u>Materiality and Remedies for Noncompliance</u>
This term and condition is material to the Department of Homeland Security's decision to continue with this grant award and the Department of Homeland Security may take any remedy for noncompliance, including termination, if the state or territorial recipient or a local government subrecipient fails to comply with this term and condition.

PRE-DECISIONAL/DELIBERATIVE

**Non-Applicability of Specific Terms and Agreement Articles**
Notwithstanding their inclusion in this award package, the following terms and Agreement Articles do not apply to this grant award:

> (1) paragraph C.IX (Communication and Cooperation with the Department of Homeland Security and Immigration Officials) of the DHS Standard Terms and Conditions and the Agreement Article titled "Communication and Cooperation with the Department of Homeland Security and Immigration Officials" in this award package; and
>
> (2) paragraph C.XVII(2)(a)(iii) (Anti-Discrimination Grant Award Certification regarding immigration) of the DHS Standard Terms and Conditions and paragraph (2)(a)(iii) of the Agreement Article titled "Anti-Discrimination" in this award package.

**Impact of San Francisco v. Trump Preliminary Injunction**
Pursuant to the preliminary injunction order issued on August 22, 2025, in *City and County of San Francisco, et al. v. Trump, et al.,* No. 3:25-cv-01350 (N.D. Cal.), the following terms and conditions do not apply to awards or subawards issued to any of the plaintiffs subject to the preliminary injunction order while the order remains in effect:

> (1) paragraph C.IX (Communication and Cooperation with the Department of Homeland Security and Immigration Officials) of the DHS Standard Terms and Conditions and the Agreement Article titled "Communication and Cooperation with the Department of Homeland Security and Immigration Officials" in this award package;
> (2) paragraph C.XVII(2)(a)(iii) (Anti-Discrimination Grant Award Certification regarding immigration) of the DHS Standard Terms and Conditions and paragraph (2)(a)(iii) of the Agreement Article titled "Anti-Discrimination" in this award package; and
> (3) the "Compliance with Federal Immigration Law" Agreement Article.

If the preliminary injunction is stayed, vacated, or extinguished, the "Compliance with Federal Immigration Law" Agreement Article will immediately become effective.

**Impact of State of Illinois v. FEMA Injunction**
Pursuant to the memorandum and order issued on September 24, 2025, in *State of Illinois, et al. v. Federal Emergency Management Agency, et. al,* No. 25-206 (D. R.I.), the following terms and conditions do not apply to awards or subawards issued to any of the plaintiffs subject to the preliminary injunction order while the order remains in effect:

> (1) paragraph C.IX (Communication and Cooperation with the Department of Homeland Security and Immigration Officials) of the DHS Standard Terms and Conditions and the Agreement Article titled "Communication and Cooperation with the Department of Homeland Security and Immigration Officials" in this award package;
> (2) paragraph C.XVII(2)(a)(iii) (Anti-Discrimination Grant Award Certification regarding immigration) of the DHS Standard Terms and Conditions and paragraph

PRE-DECISIONAL/DELIBERATIVE

**Secretary Approval to Award Grants**
Page 14

>(2)(a)(iii) of the Agreement Article titled "Anti-Discrimination" in this award package; and
>(3) the "Compliance with Federal Immigration Law" Agreement Article.

If the injunction is stayed, vacated, or extinguished, the "Compliance with Federal Immigration Law" Agreement Article will immediately become effective.

**Attachment 6: Sanctuary Jurisdictions Terms and Conditions for the Urban Area Security Initiative**

**Urban Area Security Initiative: Compliance with Federal Immigration Law**

The following term applies to Urban Area Security Initiative funding under this award:

1. Prohibition

    a. The state, territorial, or local government recipient is prohibited from being designated by the Department of Homeland Security or Department of Justice as a sanctuary jurisdiction. If the Department of Homeland Security or Department of Justice designates the state, territory, or local government as a sanctuary jurisdiction after the Department of Homeland Security has made the grant award, the state, territorial, or local government recipient is prohibited from making any financial obligations under the grant award on or after the date of designation until the Department of Homeland Security or Department of Justice removes that designation. The Department of Homeland Security will suspend the grant award and not make payments to the state, local, or territorial recipient on or after the date of designation until the Department of Homeland Security or Department of Justice removes that designation.

    b. The state, local, or territorial recipient is prohibited from making subawards to a state, local, or territorial government that the Department of Homeland Security or Department of Justice has designated as sanctuary jurisdiction. If the Department of Homeland Security or Department of Justice designates a state, local, or territorial government as a sanctuary jurisdiction after the recipient makes a subaward, the recipient must suspend the subaward, the recipient must not make any additional payments to the subrecipient, and the subrecipient is prohibited from making any financial obligations under the subaward on and after the date of designation until the Department of Homeland Security or Department of Justice removes that designation.

    c. The Department of Homeland Security designates a state, territory, or local government as a sanctuary jurisdiction if it fails to comply with that requirements set forth in paragraphs 2.a.i to v of this term and condition.

2. Certification

    a. The state, territorial or local recipient and subrecipients must certify under penalty of perjury pursuant to 28 U.S.C. § 1746, and using a form that is acceptable to the Department of Homeland Security, that they will comply with the following requirements related to coordination and cooperation with the Department of Homeland Security and immigration officials:

        i. They will comply with the requirements of 8 U.S.C. §§ 1373 and 1644. These statutes prohibit restrictions on information sharing by state and local

**Secretary Approval to Award Grants**
Page 16

       government entities with the Department of Homeland Security regarding the citizenship or immigration status, lawful or unlawful, of any individual. Additionally, 8 U.S.C. § 1373 prohibits any person or agency from prohibiting, or in any way restricting, a Federal, state, or local government entity from doing any of the following with respect to information regarding the immigration status of any individual: (1) sending such information to, or requesting or receiving such information from, Federal immigration officials; (2) maintaining such information; or (3) exchanging such information with any other Federal, state, or local government entity.

   ii. They will comply with other relevant laws related to immigration, including prohibitions on encouraging or inducing an alien to come to, enter, or reside in the United States in violation of law, 8 U.S.C. § 1324(a)(1)(A)(iv), prohibitions on transporting or moving illegal aliens, 8 U.S.C. § 1324(a)(1)(A)(ii), prohibitions on harboring, concealing, or shielding from detection illegal aliens, 8 U.S.C. § 1324(a)(1)(A)(iii), and any applicable conspiracy, aiding or abetting, or attempt liability regarding these statutes.

   iii. They will honor requests for cooperation, such as participating in joint operations, sharing of information, or requests for short term detention of an alien pursuant to a valid detainer. A jurisdiction does not fail to comply with this requirement merely because it lacks the necessary resources to assist in a particular instance.

   iv. They will provide access to detainees, such as when an immigration officer seeks to interview a person who might be a removable alien.

   v. They will not leak or otherwise publicize the existence of an immigration enforcement operation.

  b. The state or territorial recipient must require a state, territorial, or local government subrecipient to make the certification above before providing them with any funding under the subaward.

**Non-Applicability of Specific Terms and Agreement Articles**
Notwithstanding their inclusion in this award package, the following terms and Agreement Articles do not apply to this grant award:

   (1) paragraph C.IX (Communication and Cooperation with the Department of Homeland Security and Immigration Officials) of the DHS Standard Terms and Conditions and the Agreement Article titled "Communication and Cooperation with the Department of Homeland Security and Immigration Officials" in this award package; and

   (2) paragraph C.XVII(2)(a)(iii) (Anti-Discrimination Grant Award Certification regarding immigration) of the DHS Standard Terms and Conditions and paragraph (2)(a)(iii) of the Agreement Article titled "Anti-Discrimination" in this award package.

PRE-DECISIONAL/DELIBERATIVE

**Impact of San Francisco v. Trump Preliminary Injunction**
Pursuant to the preliminary injunction order issued on August 22, 2025, in *City and County of San Francisco, et al. v. Trump, et al.*, No. 3:25-cv-01350 (N.D. Cal.), the following terms and conditions do not apply to awards or subawards issued to any of the plaintiffs subject to the preliminary injunction order while the order remains in effect:

> (1) paragraph C.IX (Communication and Cooperation with the Department of Homeland Security and Immigration Officials) of the DHS Standard Terms and Conditions and the Agreement Article titled "Communication and Cooperation with the Department of Homeland Security and Immigration Officials" in this award package;
> (2) paragraph C.XVII(2)(a)(iii) (Anti-Discrimination Grant Award Certification regarding immigration) of the DHS Standard Terms and Conditions and paragraph (2)(a)(iii) of the Agreement Article titled "Anti-Discrimination" in this award package; and
> (3) the "Compliance with Federal Immigration Law" Agreement Article.

If the preliminary injunction is stayed, vacated, or extinguished, the "Compliance with Federal Immigration Law" Agreement Article will immediately become effective.

**Impact of State of Illinois v. FEMA Injunction**
Pursuant to the memorandum and order issued on September 24, 2025, in *State of Illinois, et al. v. Federal Emergency Management Agency, et. al*, No. 25-206 (D. R.I.), the following terms and conditions do not apply to awards or subawards issued to any of the plaintiffs subject to the preliminary injunction order while the order remains in effect:

> (1) paragraph C.IX (Communication and Cooperation with the Department of Homeland Security and Immigration Officials) of the DHS Standard Terms and Conditions and the Agreement Article titled "Communication and Cooperation with the Department of Homeland Security and Immigration Officials" in this award package;
> (2) paragraph C.XVII(2)(a)(iii) (Anti-Discrimination Grant Award Certification regarding immigration) of the DHS Standard Terms and Conditions and paragraph (2)(a)(iii) of the Agreement Article titled "Anti-Discrimination" in this award package; and
> (3) the "Compliance with Federal Immigration Law" Agreement Article.

If the injunction is stayed, vacated, or extinguished, the "Compliance with Federal Immigration Law" Agreement Article will immediately become effective.

**Secretary Approval to Award Grants**
Page 18

**Attachment 6: Sanctuary Jurisdictions Terms and Conditions for Operation Stonegarden**

**Operation Stonegarden: Non-Applicability of Specific Terms and Agreement Articles**
Notwithstanding their inclusion in this award package, the following terms and Agreement Articles do not apply to this grant award:

> (1) paragraph C.IX (Communication and Cooperation with the Department of Homeland Security and Immigration Officials) of the DHS Standard Terms and Conditions and the Agreement Article titled "Communication and Cooperation with the Department of Homeland Security and Immigration Officials" in this award package; and
>
> (2) paragraph C.XVII(2)(a)(iii) (Anti-Discrimination Grant Award Certification regarding immigration) of the DHS Standard Terms and Conditions and paragraph (2)(a)(iii) of the Agreement Article titled "Anti-Discrimination" in this award package.