## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF ILLINOIS, *et al.*, <br><br> *Plaintiffs,* <br><br> V. <br><br> KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF HOMELAND SECURITY, *et al.*, <br><br> *Defendants,* <br><br> AND <br><br> STATE OF TEXAS, <br> *Intervenor-Defendant.* | CASE NO. 1:25-CV-00495 |

### REPLY IN SUPPORT OF INTERVENOR-DEFENDANT STATE OF TEXAS'S MOTION TO INTERVENE

### BACKGROUND

The Plaintiff States filed this action on September 29, 2025, only fifty-three days ago. (ECF No. 1). The Plaintiff States filed their First Amended Complaint on October 24, 2025, twenty-eight days ago. (ECF No. 33). The State of Texas filed its Motion to Intervene on November 10, 2025. (ECF No. 42), seeking to intervene both as of right under Federal Rule of Civil Procedure 24(a) and permissive intervention under Federal Rule of Civil Procedure 24(b).

The Federal Defendants have not filed any opposition to Texas's Motion to Intervene. However, the Plaintiff States filed a Response in Opposition to Motion to Intervene on November 14. (ECF No. 45). Texas files this Reply in Support of its Motion to Intervene.

### ARGUMENT

### I.    Texas is entitled to Intervene as of Right under Federal Rule 24(a)(2)

A party is entitled to intervene in an action as a matter of right upon a timely motion if (a) the intervenor claims an interest relating to the property or transaction that is the subject matter of the action, and (b) the intervenor is so situated that disposing of the action may as a practical

matter impair or impede the movant's ability to protect its interest, (c) unless existing parties adequately represent their interest.

Plaintiffs in their Response to the Motion to Intervene do not dispute that Texas satisfies the principal requirements for intervention as of right, (a) and (b) above. Nor could the Plaintiff States plausibly do so. It is indisputable that Texas has tens of millions of dollars of federal grants at stake in this case. If the Court ultimately rules in favor of the Plaintiff States, who seek in this case to block and declare unlawful Defendants' September 2025 federal grant decisions – including the federal grants to Texas – it is obvious that the interest of Texas in those federal grants will be "impaired" or "impeded" as a practical matter.

Though they cannot and do not dispute that Texas meets the central requirements for intervention as of right, the Plaintiff States do oppose intervention on two peripheral grounds. Plaintiffs claim that Texas's November 10 Motion to Intervene was "untimely" and that the interests of Texas are adequately represented by the Federal Defendants. Neither objection has merit.

### A.  Texas's November 10 Motion to Intervene was Not "Untimely".

The Plaintiff States filed this action on September 29, 2025. The Court entered a temporary restraining order ("TRO") at the request of the Plaintiff States, That TRO was sought by the Plaintiff States to maintain the status quo, and it did so. The TRO has since been converted, with the stipulation of Plaintiffs and Defendants, into a preliminary injunction, thus ensuring that the status quo will remain in effect until the final resolution of this case by trial or otherwise.[1] (ECF No. 34).

After the Court entered its TRO, the Court resolved a dispute between Plaintiffs and Defendants that directly and substantially involved federal grants to Texas. As described by Plaintiffs:

That dispute centered on how the TRO should address the HGSP awards made to *non-*

---

[1]    If permitted to intervene, Texas will not seek to challenge or modify that agreement of the parties.

*Plaintiff States, including Texas*, with defendants pressing for narrower relief to diminish the impact on *non-Party States*. ECF 27 at 4; ECF 30 at 2. The court ultimately adopted a proposal made by Plaintiff States to narrow the original TRO to allow *non-party States* to receive their original awards as planned before the Reallocation Decision. ECF 31 Para. 2, whereas defendants' proposal would have preserved Texas's post-reallocation award. ECF 20-1.

Plaintiffs' Response to Motion to Intervene at 3 (emphasis added).

Set aside for a moment Plaintiffs' Alice-in-Wonderland illogic, in which a mere "notice of opportunity" for a federal grant award somehow becomes an "original award as planned". What Plaintiffs describe is a preliminary decision in this case in which Plaintiffs and Defendants argued about a federal grant awarded to Texas – with Texas having no notice or opportunity to be heard on a matter that directly affected it. That argument was resolved by the Court with its Modified Temporary Restraining Order (ECF No. 31) on October 21 – only twenty-two days after this action was filed.

That argument and decision cost Texas tens of millions of dollars of its federal grant award, at least for the duration of this action. Yet Texas had no voice in that decision. And neither Plaintiffs *nor the Federal Defendants* had the direct financial stake in it that Texas had. It was just less than three weeks after that decision when Texas filed its Motion to Intervene in this case.

Relevant to the assessment of timeliness is the following:

    (a)    The length of time the prospective intervenor knew or reasonably should have known of its interest before it petitioned to intervene or from the time it first became aware its interest would not be protected y existing parties to the lawsuit;

    (b)    The prejudice to existing parties due to the failure to petition for intervention promptly;

    (c)    The prejudice the prospective intervenor would suffer if not allowed to intervene; and

    (d)    The existence of any unusual circumstances militating either for or against intervention.

*United Nuclear Corp. v. Cannon*, 696 F.2d 141, 143 (1st Cir. 1982); *Culbreath v. Dukakis*, 630 F.2d 15, 20-25 (1st Cir. 1980); *Gen. Land Office of the State of Texas v. Trump*, 2025 U. S. App.

LEXIS 11831, 2025 WL 1410414 (5th Cir. 2025) at 11-13; *United States ex rel. Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571,78 (5th Cir. 2023) ("nonparty movant's awareness of a case's existence says little about whether their interests are protected").

Plaintiffs States' argument that Texas Intervention was "untimely" is weak at best. Plaintiffs argue that "the clock started running" on Texas's time to intervene at the moment when Plaintiffs filed this action on September 29, 2025. Plaintiffs' Response at 10. But Plaintiffs offer no evidence that they (or anyone else) gave Texas any notice of the filing of this action on September 29 (or any other date).[2] Nor do Plaintiffs cite any authority for their assertion that the "clock" on timing of an intervention can start before the intervenor even has knowledge of the lawsuit; of the intervenor's interest in the lawsuit; or before the intervenor reasonably should have known that its interest would not be protected by existing parties.

The law in fact requires a showing that Plaintiffs did not make, or even attempt to make. Texas in fact could not reasonably have known of its need to intervene to protect its interest in this action until (at the earliest) October 21, 2025, when the Court modified the TRO to prohibit the Federal Defendants from making the federal grant to Texas that the Federal Defendants had announced on September 27. The short interval between October 21 and the November 10 date on which Texas filed its Motion to Intervene is plainly insufficient to make that motion "untimely."

Plaintiffs' argument that intervention by Texas at this time will prejudice Plaintiffs is even more flimsy. Plaintiffs theorize that, had Texas been allowed to intervene earlier, it *might* not have made the agreement for a preliminary injunction that the Plaintiffs and Defendants made. Plaintiffs' Response at 10. Plaintiffs offer zero support for that speculation, which would be irrelevant in any event. What Plaintiff was required to show was "only that prejudice which would result from the would-be intervenor's failure to request intervention as soon as he knew or reasonably should have known about his interest in the action." *Stallworth v. Monsanto* Co., 558

---

[2]    Plaintiffs do not explain how the State of Texas supposedly became instantly of Plaintiffs' filing of a lawsuit in Rhode Island without Plaintiffs providing any notice to Texas.

F.2d 257, 265 (1977).[3] Here, such prejudice is nonexistent. Plaintiffs are no worse off than they would have been if Texas has sought to intervene earlier.

Plaintiffs then speculate that, if allowed to intervene, Texas "might well seek to re-open negotiations and discuss areas already covered by the parties or even seek to prevent the case from going to summary judgment." Plaintiffs' Response at 11, quoting *United Nuclear,* 696 F.2d at 143. This is more baseless speculation by Plaintiffs, but Texas can put their mind to rest: if allowed to intervene, Texas will not re-open negotiations as to any agreements the Plaintiffs and Federal Defendants have reached; and will not seek to alter any deadlines the Court has already set. If allowed to intervene, Texas will take this case as it finds it. There is no relevant prejudice to Plaintiffs.

On the other hand, Texas would be prejudiced if not allowed to intervene for the reasons set forth in Section B below. Moreover, there are special circumstances in this case that counsel in favor of allowing Texas to intervene. Texas, unlike most proposed intervenors, is not a private party, or an issue advocacy group, or an interested citizen. Texas is a sovereign state of the United States of America, just as are the Plaintiff States. Just as the Plaintiff States have legitimate interests in maximizing federal grants so as to best secure and protect their citizens, Texas has the same legitimate interest. It would not be just, and would not appear just, if some States are allowed to participate and be heard in this case while others, with the same interests in federal grants for the benefit of their citizens, are not even allowed to have a voice.

The Supreme Court in recent years has supported the special role of the States in this regard. In *Cameron v. EMW Women's Surgical Ctr., P. S. C.*, 595 U. S. 267 (2022), the Supreme Court reversed the denial of a motion to intervene by the Kentucky Attorney General. The motion to intervene was filed in the Court of Appeals after the litigation had proceeded for five years, but the Supreme Court found it was an abuse of discretion for the Court of Appeals not to have allowed

---

[3]    A common example of such prejudice is a case in which existing parties have already done substantial deposition discovery, and a late intervention would require some or all of it to be repeated at significant cost to the existing parties. There is nothing comparable to that in this case.

permissive intervention under Rule 24(b). The Supreme Court noted that "a federal court must respect the place of the States in our federal system." 595 U. S. at 277.

In *Berger v. North Carolina State Conf. of the NAACP*, 597 U. S. 179 (2022), the Supreme Court held that the district court erred when it denied intervention by the North Carolina House Speaker and President Pro Tempore of the North Carolina Senate based on the presumption that their interests would be adequately represented by the North Carolina Governor, State Board of Elections, and Attorney General. The Court stated that "federal courts should rarely question that a State's interests will be practically impaired or impeded if its duly authorized representatives are excluded in participating in federal litigation challenging state law. 597 U. S. at 190. Although this case involves a State's right to a federal grant awarded to it rather than a challenge to a state statute, the principle that States like Texas should not be lightly barred from federal litigation that clearly affects their interests is a valid one and worthy of respect.

For all of the foregoing reasons, Texas's Motion to Intervene here is not "untimely".

## B. The Interests of Texas in this Case are Not Adequately Represented by the Federal Defendants.

Plaintiffs claim that there is a "presumption" that Texas's interests in this case are adequately represented by the Federal Defendants and that Texas has failed to overcome that presumption. Plaintiffs' Response at 5-9. Plaintiffs cite numerous First Circuit cases for their argument, but none of them involved motions to intervene by States. Plaintiffs' argument fails and Texas should be allowed to intervene.

In the Berger case, the Supreme Court noted that some lower courts have "applied a 'presumption'" that an existing party adequately represented the proposed intervenor. 597 U. S. 195. The Court, however, took a different view:

Once more, we cannot agree. As an initial matter, Rule 24(a)(2) promises intervention to those who bear an interest that may be practically impaired or impeded "unless existing parties adequately represent that interest." In some cases, too, this Court has described the Rule's test as presenting proposed intervenors with only a minimal challenge.

6

The Supreme Court then discussed *Trbovich v. Mine Workers*, 404 U. S. 528 (1972), in which the Court stated that the movant's burden "should be treated as minimal" in a case where the interests of a movant for intervention and an existing party were "related" but not "identical." 597 U. S. at 195-96.

The Supreme Court in *Berger* then stated:

> But even the Board concedes that the presumption applies only when interests "overlap fully." Where "the absentee's interest is similar to, but not identical with, that of one of the parties," that is not enough to trigger a presumption of adequate representation. 7C Wright & Miller § 1909.

*Id.* at 596-97. That is the case here. The interests of Texas in this case are at most similar to, but not identical to, the interests of the Federal Defendants. As a result the "presumption" on which Plaintiffs rely so heavily does not apply.

 Contrary to Plaintiffs' assertions, Texas does not have the same interests in this litigation as the Federal Defendants in several respects. First, Texas and the Federal Defendants do not even agree on all the issues and are adverse on at least one of them (the duration of the relevant grants). This alone precludes a conclusion that the Federal Defendants adequately represent Texas's interest in this case.

Moreover, the interests of Texas and the Federal Defendants are inherently different. The Federal Defendants' interest in this litigation is to carry out their policy determinations and preferences as to the expenditure of funds appropriated by Congress in the manner it deems most conducive to accomplishing the nationwide mission of the Department of Homeland Security. The interests of the State of Texas are much different – although they coincide with the interests of the Federal Defendants on specific issues. The interests of the State of Texas as it pertains to this case are to obtain federal grants for which it has applied and qualified – and that will enable it to best protect the people of Texas from security threats and emergencies.

Accordingly, Texas is entitled under Rule 24(a)(2) to be heard in this case so as to protect and further its own interests in the federal grants awarded to it, which are not adequately

represented by the Federal Defendants

## II.      Texas Should Be Permitted Permissive Intervention under Rule 24(b).

Texas acknowledges that permissive intervention under Rule 24(b) is discretionary with the Court.  The Court has good reasons to exercise that discretion in favor of intervention here. Texas is a sovereign State with very substantial interests directly at stake in this case. If allowed to intervene, Texas will take this case as it finds it, and will not seek to delay progress of this cases toward a prompt and just resolution. Texas, which is a frontline State on matters of border security and has spent billions of dollars of its own funds to protect our national borders, seeks only to contribute its own unique perspectives on the issues in this case and for its day in court.

Courts in the First Circuit have found such permissive intervention appropriate even where there were doubts as to intervention as of right under Rule 24(a)(2). *See Terrell v. Edelblut*, 2025 U. S. Dist. LEXIS 134035 (D. N. H. 2025); *In re Exch. Union Co.*, 2025 U. S. Dist. LEXIS 53689 (D. Mass. 2025). Even of intervention of right were not so clearly warranted here, permissive intervention would be.

C ONCLUSION

Texas respectfully asks that the Court grant its Motion to Intervene.

8

Date: November 21, 2025

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**RYAN D. WALTERS**
Deputy Attorney General for Legal Strategy

**RYAN G. KERCHER**
Chief, Special Litigation Division
Texas Bar No. 24060998

Respectfully submitted.

/s/ *David Bryant*

**DAVID BRYANT**
Senior Special Counsel
Texas Bar No. 03281500

**MUNERA AL-FUHAID**
Special Counsel
Texas Bar No. 24094501

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100

david.bryant@oag.texas.gov
munera.al-fuhaid@oag.texas.gov

**COUNSEL FOR THE STATE OF TEXAS**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on November 21, 2025 and that all counsel of record were served by CM/ECF.

/s/ *David Bryant*
**DAVID BRYANT**
Senior Special Counsel